**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JAMES ROLAND THOREAU (THUROW), | |
| Plaintiff, | |
| vs. | Case No. 07-CV-695-CVE-FHM |
| THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

## REPORT AND RECOMMENDATION

Plaintiff's Motion for Ex Parte Temporary Restraining Order [Dkt. 2] and Preliminary Injunction [Dkt. 3] and Motion for Leave to Proceed *In Forma Pauperis* [Dkt. 4] have been referred to the undersigned United States Magistrate Judge for report and recommendation.  The undersigned RECOMMENDS that the Motion for Leave to Proceed *In Forma Pauperis* [Dkt. 4] be GRANTED and that the case be DISMISSED under 28 U.S.C. § 1915 (2)(B)(ii) for failure to state a claim upon which relief can be granted.  This result eliminates the necessity of addressing the remaining motions.

## ANALYSIS

In accordance with 28 U.S.C. § 1915(a)(1), Plaintiff has submitted an affidavit demonstrating that he is unable to pay the filing fees to prosecute his suit in federal court. The undersigned therefore RECOMMENDS that the Motion for Leave to Proceed *In Forma Pauperis* [Dkt. 4] be GRANTED.

The statute which permits the Court to order an action to proceed without pre-payment of filing fees, 28 U.S.C. § 1915, also provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

claim upon which relief may be granted . . . " 28 U.S.C. § 1915 (2)(B)(ii).  Having reviewed Plaintiff's allegations, the undersigned finds that the case should be dismissed because Plaintiff fails to state a claim upon which relief may be granted and therefore RECOMMENDS the case be DISMISSED.

The undersigned has broadly construed Plaintiff's allegations because he is proceeding *pro se*.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Plaintiff seeks an order directing the Social Security Administration to immediately release November and December benefits to him.  Plaintiff challenges the practice of distribution of Social Security benefits by monthly payments as being unfair, arbitrary, capricious, egregious, outrageous, unconscionable and unconstitutional.  He further claims that he should not have to exhaust administrative remedies before bringing his action before this court.

By statute, 42 U.S.C. § 405(a), the Commissioner of the Social Security Administration is granted full power and authority to make rules and regulations and to establish procedure for the administration of all aspects of the Social Security program. In 42 U.S.C. § 405(g), federal courts are granted the power to review only final decisions of the Commissioner of Social Security.  Therefore, anyone seeking court review of any decision concerning Social Security benefits must first demonstrate that the question has first been presented to the Social Security Administration and that all avenues of review provided by Social Security regulations have been exhausted.  This exhaustion of administrative remedies is a prerequisite to the court's authority to review Social Security decisions.  *Bowen v. City of New York*, 476 U.S. 467, 486, 106 S.Ct. 2022, 2031, 90 L.Ed.2d 462 (1986).  Since Plaintiff's filings challenge the requirement to exhaust administrative remedies, it is apparent he has not done so.  Since Plaintiff has not

2

exhausted administrative remedies, there is no basis for the court to address Plaintiff's motions.

The exhaustion requirement may be waived under limited circumstances, not present in this case. Waiver may be applicable when three conditions are met: (1) the issues are entirely collateral to a claim for benefits; (2) failure to waive would cause irreparable injury; and (3) exhaustion would be futile. *Bowen*, 106 S.Ct. at 2031-32. Regardless of whether Plaintiff may be able to meet the irreparable injury and futility requirements, it is clear that the issues he raises are not collateral to his claim for benefits. Rather, the established monthly schedule for payment of benefits is directly connected to the claim for benefits. Since Plaintiff cannot meet one of the conditions for waiver of the exhaustion requirement the undersigned finds that Plaintiff has not stated a claim for which relief can be granted.

The exhaustion of remedies requirement may be excused to permit federal courts to review constitutional challenges. To fall under this exception, the plaintiff must allege a "colorable constitutional claim." *Nelson v. Sec'y of Health & Human Servs.*, 927 F.2d 1109, 1111 (10th Cir. 1990). "A constitutional claim is not colorable if it clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or [ ] is wholly insubstantial or frivolous." *Hoye v. Sullivan*, 985 F.2d 990, 991-92 (9th Cir. 1992) (quotation omitted). In other words, more is required than the insertion of the word "unconstitutional" somewhere within the pleadings.

Even taking into account Plaintiff's *pro se* status, he has not met this standard. Plaintiff baldly asserts that the Social Security regulations are unconstitutional, but he failed to identify the basis for his belief they are unconstitutional, nor did he allege any facts or

cite any authority to support his assertion.  Based on the lack of factual or legal support for the bare assertion that the regulations are unconstitutional, the undersigned finds that Plaintiff has not raised a colorable constitutional claim.

### CONCLUSION

Based on the foregoing, the undersigned RECOMMENDS that the Motion for Leave to Proceed *In Forma Pauperis* [Dkt. 4] be GRANTED and that the case be DISMISSED under 28 U.S.C. § 1915 (2)(B)(ii) for failure to state a claim upon which relief can be granted.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b), a party may file specific written objections to this report and recommendation.  Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma within ten (10) days of being served with a copy of this report.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b) directs the district judge to:

> make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed.R.Civ.P. 72(b); see also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a  "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions."  *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th

4

Cir. 1991)).  Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 19th day of December, 2007.

_Frank H. M⁰Carthy_

**FRANK H. McCARTHY**
UNITED STATES MAGISTRATE JUDGE