UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES ROLAND THOREAU<br>(THUROW),  )<br>  )<br>**Plaintiff,**  )<br>  )<br>v.  )<br>  )<br>SOCIAL SECURITY ADMINISTRATION,  )<br>  )<br>**Defendant.**  ) | Case No. 07-CV-0695-CVE-FHM |

### OPINION AND ORDER

On December 19, 2007, Magistrate Judge Frank H. McCarthy entered a report and recommendation (Dkt. # 5) recommending that the Court grant plaintiff's motion for leave to proceed in forma pauperis. However, he recommended that the Court dismiss plaintiff's case for failure to state a claim upon which relief may be granted, because plaintiff has not exhausted his administrative remedies. Rather than file an objection to the report and recommendation, plaintiff has filed an Amended Petition for Temporary Restraining Order and Preliminary Injunction (Dkt. # 6).

On December 7, 2007, plaintiff filed a complaint alleging that the Social Security Administration ("SSA") failed to make timely benefit payments, and the delay in receiving his benefits caused him "irreparable harm." Dkt. # 1, at 1. Plaintiff requested an ex parte temporary restraining order and preliminary injunction ordering SSA to pay plaintiff's November and December 2007 benefits immediately. He also filed a motion requesting leave to proceed in forma pauperis (Dkt. # 4) under 28 U.S.C. § 1915. Plaintiff's complaint, motion for injunctive relief, and motion to proceed in forma pauperis were referred to a magistrate judge for review. The magistrate

judge recommended that the Court grant plaintiff's motion to proceed in forma pauperis, but he found that plaintiff had not exhausted his administrative remedies with SSA before filing his lawsuit. The magistrate judge considered exceptions to the exhaustion requirement, but he found that plaintiff's failure to exhaust administrative remedies could not be excused. Based on his finding that plaintiff had not exhausted his administrative remedies, he recommended that the Court dismiss plaintiff's case. The magistrate judge advised plaintiff that he had ten days to file a written objection to the report and recommendation.

Instead of filing an objection, plaintiff filed an amended complaint and amended motion for injunctive relief. In his amended complaint, plaintiff requests that the Court order SSA to pay his December 2007 and January 2008 benefits immediately, and that the Court require SSA to make all future benefit payments on the first of the month. He alleges that SSA's payment polices have caused him to forfeit personal property, cancel travel plans and miss a scheduled surgery. As a legal basis for his lawsuit, plaintiff alleges that SSA's actions violate the Fourth and Fourteenth Amendments of the United States Constitution.

Due to the procedural history of this case, the Court will treat plaintiff's amended complaint and motion as an objection the magistrate judge's report and recommendation. Under 28 U.S.C. § 636(b)(1), the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See also Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996) ("De novo review is required after a party makes timely written objections to a magistrate's report. The district court must consider the actual testimony or other evidence in the record and not merely review the magistrate's report and

recommendations."). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In this case, plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally when ruling on defendants' motion to dismiss. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). "Although '[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers,' . . . 'pro se parties [must] follow the same rules of procedure that govern other litigants.'" Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (quoting Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994)). Even though plaintiff has been permitted to proceed pro se and in forma pauperis, the Court has the authority to dismiss plaintiff's case sua sponte "at any time the court determines that . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(d)(2).

In his objection to the report and recommendation, plaintiff does not address the issue of exhaustion of administrative remedies and, under 42 U.S.C. § 405, exhaustion is a prerequisite to judicial review of a claim against SSA. Bowen v. City of New York, 476 U.S. 467, 486 (1986); Reed v. Heckler, 756 F.2d 779, 782-83 (10th Cir. 1985). The exhaustion requirement may be waived if (1) the plaintiff asserts a colorable constitutional claim that is collateral to the substantive issues of the administrative proceedings; (2) exhaustion would result in irreparable harm; and (3) exhaustion would be futile. Harline v. Drug Enforcement Admin., 148 F.3d 1199, 1203 (10th Cir. 1998); Marshall v. Shalala, 5 F.3d 453, 455 (10th Cir. 1993). The magistrate judge found that plaintiff could not satisfy any of the elements for waiver of the exhaustion requirement, and plaintiff has not challenged the magistrate judge's recommendation on this issue.

3

The Court has independently reviewed plaintiff's complaint and his objection to the magistrate judge's report and recommendation, and finds that plaintiff has not exhausted his administrative remedies. From the face of the complaint, it is clear that plaintiff did not exhaust his administrative remedies, and plaintiff has not requested an exemption from the exhaustion requirement.[1] Considering the three-part test for waiver of the exhaustion requirement, it is clear that the magistrate judge' recommendation that plaintiff should not be excused from the exhaustion requirement is correct. Although plaintiff asserts a constitutional claim, it is not collateral to the administrative proceedings. Instead, plaintiff's constitutional claim is the sole basis for his dispute with SSA, and this element for waiver of the exhaustion requirement is not satisfied. In order to satisfy the irreparable harm element, plaintiff must allege that delay caused by the administrative process will harm his substantive rights. Martinez v. Richardson, 472 F.2d 1121, 1125 n.10 (10th Cir. 1973). Plaintiff argues that SSA's delay in the payment of benefits has harmed him but he has not alleged that following proper administrative procedures, by itself, will harm his substantive rights. Consequently, plaintiff has not shown that the irreparable harm element is satisfied. Turning to the third element, plaintiff has not offered any argument on futilty and, as plaintiff can not satisfy the other two elements, the Court does not need to consider this issue. The exhaustion requirement should not be waived in this case.

The Court recognizes that exhaustion of administrative remedies is not a pleading requirement and that defendant may be entitled to notice before his case is dismissed sua sponte for

---

[1] Plaintiff alleges that he contacted SSA to discuss the timeliness of his payments, and SSA informed plaintiff that he needed to exhaust his administrative remedies. Dkt. # 1, at 1-2. He told SSA that it was "wrong," and he did not pursue any administrative remedies with SSA before filing this lawsuit. Id. Thus, it is clear from the face of the complaint that plaintiff did not exhaust his administrative remedies, and plaintiff must show that he qualifies for an exception from the exhaustion requirement before he can proceed with this lawsuit.

4

his failure to exhaust administrative remedies. See <u>Aquilar-Avellaveda v. Terrell</u>, 478 F.3d 1223 (10th Cir. 2007). Through the report and recommendation process, plaintiff has been put on notice that exhaustion of administrative remedies is an issue and he has been given an opportunity to argue for an exception to this requirement. In a case such as this, when plaintiff acknowledges in his complaint that he has not exhausted his administrative remedies and the Court has provided an opportunity to address the magistrate judge's recommendation, <u>sua</u> <u>sponte</u> dismissal for plaintiff's failure to satisfy the exhaustion requirement is appropriate.

**IT IS THEREFORE ORDERED** that the report and recommendation (Dkt. # 5) is **accepted**. Plaintiff's Motion for Leave to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> (Dkt. # 4) is **granted**. Pursuant to 28 U.S.C. § 1915(d), plaintiff's case is **dismissed** for failure to state a claim upon which relief may be granted.

**DATED** this 14th day of January, 2008.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT